May it please the court, Maxwell Breacher along with Allison Decker for the plaintiff appellants and the putative class. This is of course a dismissal from a malpractice action pending before Judge Alsup under the doctrine of ancillary jurisdiction because he presided over the underlying trial out of which the alleged malpractice arose. In an opinion awarding attorney's fees, Judge Alsup observed that he thought the two law firms handling the case committed two flaws one of which was the failure to authenticate and get admitted a smoking gun document and the other was to prepare an adequate damage study. On this motion to dismiss, Judge Alsup perceived that the main theme of the defense was that a rule 23 class action settlement approval absolves class counsel of malpractice claims. Significantly, Judge Alsup rejected that contention and though he didn't say so, we presume he did so on the basis of this court's decision in Durkin v. Shea and Gould which said, quote, the issue of whether a settlement was fair and equitable for purposes of rule 23 is not the same issue as whether the settlement was reasonable in light of the alleged malpractice by the participating attorneys. We note here that unlike most malpractice cases, this case does not arise out of the settlement. There's no problem once you have the jury verdict here. We had no problem with the settlement which involved only a modest reduction of the treble judgment. The malpractice in this case was committed in the course of the trial and as Judge Alsup observed, appeared to him to have significantly reduced the amount of the compensatory damages awarded to the plaintiff. While Manette maintains this absolution argument on appeal, McCool Smith, the other law firm defendant, appears now to take a tack which it did not take in the district court in support of Judge Alsup's argument of, quote, narrower estoppel or what I call estoppel light. Remarkably, in a seven page section of his order captioned analysis, this very astute judge did not cite a single case or text to support his conclusion. He pulled a rabbit out of the hat which was neither raised nor briefed or argued below. That is that the complaining class members are precluded from asserting malpractice in a separate lawsuit because they did not raise that claim within the underlying case in connection with the fee award. But isn't it true that your client did not voice any displeasure with the alleged shortcomings that now form the basis of this instant action? They alleged some, but not in the context of serious malpractice. There are a lot of objections to the amount of the settlement, some of which, most of which noted that they weren't happy with the lawyer's performance. But they did not file any claim of malpractice in the case. Well, they did not suggest to the judge that he ought not affirm what he had to affirm in this particular case in order to get it settled, correct? With due respect, I think that's wrong. They did object to the settlement. They said it was too low. He listened to those objections and approved the settlement anyhow. But again, we cannot focus on the settlement. We're not objecting. But objecting that the settlement is too low is quite different from raising a claim that the lawyers were committing malpractice. But it's the malpractice that produced the low number. Once the low number is adapted by the jury and trebled, the settlement in this case is not a problem. It was a very modest reduction from the trebled amount. The problem is that the award of $7 million of compensatory damages was too low, as Judge Alsup noted, because they didn't get the smoking gun document before the jury and because they didn't do a proper damage study using an expert witness. So what we're complaining about is that the base number, the compensatory damage number awarded by the jury, was too low. Now, this, what Judge Alsup called narrow or estoppel document, is the doctrine is very flawed. First of all, as applied in this case, these class members and class representatives came to the fee hearing without any prior indication that they were required to file a malpractice claim within the context of the fee hearing or it would be forever lost. In other words, there's a very serious due process question in this case. It could be avoided in future cases because the class notice for settlement could say that. It could say you better show up, you better be prepared to litigate a malpractice claim. I don't think that's good policy, but it could be done. Here there's a serious due process question because these people came to court, they objected, they went home, and they thought this is the second flaw in Judge Alsup's reasoning, because he eviscerated California law. They were told to get lawyers. I mean, they were told they could and should get lawyers to represent them. And had they done so, their lawyers could have advised them of their rights. I don't quote that in the abstract, but California law says, first of all, the statute of limitations in a malpractice action is told during the continued representation. So this has nothing to do with the case. This is not a statute of limitation dismissal. Well, I think it may be because under Judge Alsup's ruling, he accelerated the statute of limitations. He ignored the California rule on limitations and on continued representation and said in the context of the fear, and you're obligated to come in here and litigate a malpractice case. And we don't even know if they had tried to do that, whether he would have accepted it. We don't know that. We're looking backwards now. So he could have said, look, there's a malpractice case under State law. Go across the street to the State court. I don't want to hear it. But didn't Judge Alsup find, even in talking about whether you should be able to pursue or produce this particular action, that in general, in class action settlement, it includes a finding that class counsel adequately represented the class? And he, in fact, found that in the original proceeding? Yes, but this Court said that does not absolve class counsel from malpractice. So he could make that finding within the context of the case, and apparently he did. But its legal effect is that it does not absolve class counsel from an independent examination of their conduct in order to determine whether they committed malpractice. Well, the problem that I have here is it seems to me that the party is saying, go forth with this particular settlement, therefore assuming a certain position in the legal proceeding. They succeeded in maintaining that position, and now they're trying to assume a contrary position to take a malpractice action. I believe, Your Honor, there were some 40 objections filed by the class, most of which noted the deficiency in the lawyer's performance. So I don't think it's fair to say they just blithely accepted the settlement. They did not. The problem is no one told them that they had to bring a malpractice case in the context of the fee proceeding or they would lose it forever. That's a serious due process argument. Nor could there be any kind of claim preclusion or even issue preclusion because judge also never determined the merits of the malpractice claim, nor were these people given an opportunity to, quote, fully and fairly litigate their claims. So the idea of there being any kind of preclusion, it seems to me, is legally barred by that doctrine. You have less than a minute left. Would you like to save it for rebuttal? Thank you. Good morning, Your Honors. My name is Sean Seleg, and I represent Appelli, Manatt, Phelps, and Phillips. Counsel for the other Appelli, McCool Smith, is here, and we have agreed to split our time, and I will mind that. We will mind that on our own, but if the Court has interest in issues presented in one brief or the other, we are happy to adjust that. But the question here is whether this malpractice action is barred by the final judgment in the Adderley class action. The district court said yes based on general principles of estoppel. That's a concept that encompasses both preclusion doctrines that have been briefed by the Appellees. Our brief emphasized claim preclusion or issue preclusion, and the McCool brief emphasized res judicata or claim preclusion. All of those doctrines apply here to bar relitigation of this issue. And I'd like to start with issue preclusion because the issues in this malpractice case were decided in the Adderley class action, and there is no way for this action to proceed without upsetting the balance that Judge Alsup struck in approving the settlement and awarding counsel fees on the very same day out of the settlement fund that they had obtained through their work for the class. I'm not sure why it would upset that. Well, at the end of the day If we determine that the issue was not properly litigated in the at the time of the approval of the class action settlement, then you simply have another you have a malpractice judgment that was inconsistent with but not wouldn't supersede the earlier class action settlement. Well, that's the first point is if there were a malpractice judgment against the law firms, that would be inconsistent with the findings in the class action that the representation up to the settlement agreement was adequate. But that's right. It would be inconsistent, but there's nothing wrong with inconsistency. If you have parties who didn't have a chance to litigate, I mean, that would be the issue, who didn't have a chance to litigate the earlier claim, I mean, there's nothing wrong with an inconsistency. Well, they did have an opportunity to litigate the claim. And in fact, that issue was decided by Judge Alsup in approving the settlement and the fees. Let me explain why those are interrelated. But Judge Alsup told us quite clearly that he didn't rely. He didn't litigate this issue. He didn't adjudicate the competency of class counsel. Doesn't he tell us that? He didn't rely on collateral estoppel? That was his that was the view he expressed in the dismissal order here, yes. Right. But I think that is not legally correct, and it goes to whether collateral estoppel was available to apply in this case, which is a question of law. And so the case law we've cited says that it's a necessary finding and an implied finding, even if not stated in a settlement approval order, that counsel has performed adequately, not only with regard to the settlement, but with regard to all the work up until that point. The Janik case that the plaintiffs rely on extensively says this expressly. And in fact, there could be no other way to look at the situation because the class action judge has a continuing and constant duty to monitor class counsel. And so the judge could not approve a settlement or otherwise sit by and allow the class, the unnamed class members, to be prejudiced by inadequate representation. That would be a due process violation, and it can't, it could not be countenanced. Well, it seems to me that this case really boils down to, I read Golden v. Pacific Mar, and there I said the approval, or we said the approval of a class settlement by trial court precluded the malpractice action. And then I go to Durkin v. Shea and Gould, and there seems to me they said the defendant corporation and a class action brought by a class of plaintiffs was not barred from suing defense counsel concerning the settlement. So I'm stuck with Durkin. How are you going to get me around it? Well, quite a number of ways. First of all, Durkin is a very different case. The law firm in Durkin that was seeking to invoke issue preclusion was not the law firm under the supervision of the court in the derivative action. So you're just saying because it wasn't the same law firm, Durkin doesn't apply? That's correct. The general principles that were outlined in Durkin are no longer, no longer applicable? Well, there really are two holdings, one of which I think is dicta in Durkin. And the first is the wrong law firm was seeking to invoke preclusion. There was no finding in favor of that law firm in the prior action. Therefore, that should have been the end of the issue preclusion analysis. Durkin then goes on in dicta to say that the finding of adequacy of counsel that would be necessary to approve the settlement in a derivative case is not the same thing as a malpractice finding. That's what it said. But that's, first of all, you don't need to find those cases in conflict because simply because Durkin is in the derivative context and Golden is in the class action context. If you were to find them in conflict, Golden has to control because it's the earlier case and the Durkin three-judge panel wouldn't have authority to overrule the Golden holding. And what's more, the analysis in Durkin of why a finding of adequacy of counsel in a derivative case is not the same as a finding against malpractice isn't really logical. There's no way to reconcile the concept that a court could find representation adequate in one case and then in another case a jury could find that it fell below the standard of care. And none of the cases that Durkin cites support that concept. They have absolutely nothing to do with class litigation, representative litigation or derivative litigation. So you're suggesting in your other argument that the findings by the trial court that my good colleague cited to you, I mean, frankly, the judge was trying to comply with Durkin in my mind and said, I'm not finding all of this in this particular case. It's not something I'm going to get to on the facts. Well, in that he – I think in that that was a legal analysis by Judge Alsop and he was concluding that issue preclusion was not available. We think he's – that that was incorrect as a matter of law. And so the issue then becomes did he abuse his discretion, if you look at his order as a whole, in applying general principles of estoppel, which – Why don't we hear from Mr. Oskowitz. Yes, Your Honor. Thank you. Oh, sorry. I forgot. It's okay. Thank you, Your Honor. May it please the Court. It's McCool's position that Judge Alsop correctly dismissed the complaint in this case because the allegations that form the basis for this follow-on sequel malpractice case arise out of the same transactional nucleus of fact that were presented in the three proceedings. So I understand correctly that McCool is piggybacking on – directly on Judge Alsop's order. That's our belief. We think that when Judge Alsop was talking about general principles of estoppel, when you look at what the logic of his order, the logic of his reasoning, it was that there was an opportunity, an adequate opportunity, a notice to the class to present these malpractice claims at the time the three proceedings were being adjudicated. And just so I make sure I understand the reasoning, his reasoning would be if they thought they committed malpractice, they could and should have brought that claim at the time, and that would have reduced the fees. The judge would have said, oh, I'm persuaded there was malpractice or not, but assuming that that's what he had found, and he'd say, well, since they committed malpractice, I won't even give him 20 percent, I'll give him 10 percent or no percent, right? It was an opportunity for them to litigate the allegations of malpractice, but they could have, pursuant to the same ancillary jurisdiction that they brought their malpractice case to court in the CEQA lawsuit, they could have also asked Judge Alsop to entertain an affirmative claim for malpractice with additional damages that went above and beyond the fees that were in dispute in the underlying case. And that is the whole thing. How much was paid on their fees? It was approximately $5 million. Under $5 million were awarded to the class in fees, which reflected over $2 million in reductions that Judge Alsop took in part based on. So firms asked for about 7. Yeah. It was a 30 percent request with a 20 percent award. Counsel, I grant you that it may be the case that the class had notice of the errors, the alleged errors. What put them on notice that they needed to come forward at that hearing? The notice that went to the class, which is in the record. But that talked about any claims they had against the Players Union and they were going to be asked to release claims against the Players Union. What told them that they were going to, if they had any malpractice concerns, that this was really the time? At ER 710 is the notice that went to the class regarding the approval of the settlement. And it told the class that if they had any complaints regarding the fees or the settlement, that was their opportunity to contest those. And if they didn't, those would be waived. As a matter of claim preclusion law, there's no requirement that the class or any individual be told about all of the claims that they are going to be foreclosed from bringing in the future if they bring claims that are part of the same transactional nucleus of fact. And that's exactly what the courts held in the Capitol Hill group, the D.C. Circuit case, Grouse, the Fourth Circuit case, and Intellogic, the Fifth Circuit case. Those are all cases that are very closely analogous to our situation, where in bankruptcy proceedings, class the debtors' counsel or professionals were awarded fees in fee proceedings, and then subsequent malpractice litigation was barred on res judicata claim preclusion grounds. This isn't a bankruptcy proceeding. I understand. But there's nothing about those cases that in any way relies on any unique circumstances of bankruptcy. And actually, the class action context is very similar to the bankruptcy context, to the sense that when fees are being adjudicated in both contexts, class counsel becomes, under the law, adverse to the class, and the court in both contexts stands in as a fiduciary to protect the client or the debtor in the bankruptcy context. But isn't that why it's incumbent upon the Court to make sure that the notice, arguably, tells these folks that if you've got a problem, now's the time, or these claims are going to be barred? And I believe that the Court did do that through the notice that it required with respect to the law. Do you remember where in the notice there was a reference to the lawyers? I'm looking at the notice now, and it goes on for pages and pages. I believe the specific reference in the notice is on page 720. But to the more fundamental point, there's nothing special. I'm sorry. Where on 720? Oh, I'm sorry. On the top of page 720. No class member shall be entitled to contest the terms and conditions of a settlement agreement without following its procedures, and persons who fail to object shall be deemed to have waived and shall be foreclosed forever from raising any such objections or appealing from any order or judgment entered with respect to the settlement agreement. I don't see anything there talking about the lawyers. In addition, Your Honor, on page 713, in the middle of the page, the Court gives notice that at the settlement hearing, the Court must approve all aspects of this settlement, including the amount of the settlement payment, the rights class members will surrender in exchange for this money, and any money to be awarded to the lawyers from the settlement payment. And so the class was on notice that the settlement hearing was going to adjudicate the fee issue and that any contest to any of those issues would be waived if not raised at the settlement hearing. Is there any place that told them, counsel, that they were going to be asked to release claims against any entity other than the players union? Not that I'm aware of, Your Honor. Thank you. But I believe that under the cases Capitol Hill, Grouse, Intellogic, in each of those cases, the failure to bring the malpractice claim in the underlying action cut off under claim preclusion any further follow-on litigation. There's no basis in the law for distinguishing this situation from those cases, and the Court wouldn't even need to resolve the Gold and Durkin issue to resolve this case on claim preclusion grants. Thank you. Okay. Thank you. Mr. Brescia. Thank you, Your Honor. Just a few discreet points. I'd invite the Court's attention respectfully to judge Allsup's opinion in the record at ER19, and particularly lines 2 through 6. And although he does not mention Durkin by name, it's clear that he's rejecting the doctrine of total absolution by reason of the class action settlement. He says the class action settlement. Which page of the order again? ER19, Your Honor, at page ER19 at lines 2 through 7. But the key sentence. File of the order. The key sentence is it merely blesses the class action settlement, merely blesses the settlement as the best that can be expected in light of the verdict. In that scenario, the class members could then sue for the trial malpractice that led to the tarnished verdict and settlement, assuming their specific grievances are preserved. So he found that the class action settlement does not absolve the lawyers, assuming their objections are preserved, and he found they weren't preserved. But in finding that, I want to call to your attention and emphasize, he did not cite a single case. And no one, the defendants nor us, can find a case that said the failure to object in the context of a fee petition in a class action case constitutes a waiver in perpetuity of any malpractice claim. And this notice does not say that clearly, and there would be a due process violation if this decision were affirmed on that basis. The only cases that they cite are a group of bankruptcy cases, and they're easily distinguishable. Because within the confines of a bankruptcy, if you don't resolve all the fee petitions of the lawyers, the bankruptcy will never close. And the third-party creditors, an issue not involved in this case, would never get paid off. So it's quite different to look at a bankruptcy and say, yes, this is one proceeding, one kettle of fish, and we have to resolve everything within here before we can close the estate and pay the creditors. Here, the dispute between the lawyers and the clients has nothing to do with the defendants. They can walk away. They've paid their money. They're done. There's no third parties involved. Finally, Your Honor, it seems to me that Judge also regarded Durkin, though he didn't mention it by name, as the controlling law, and it is the controlling law. And I think to get around that, at least for the purposes of the Manette argument, you would effectively have to overrule Durkin. Thank you. Thank you very much, case. This argument stands today.
judges: Kozinski, Kozinski, Smith, Smith, Christen, Christen